IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

| | | |
|---|---|---|
| DOUGLAS W. GURNEY,<br><br>Plaintiff,<br><br>v.<br><br>STATE FARM INSURANCE COMPANIES, *et al.*,<br><br>Defendant. | )<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>) | Case No.: 2:26-cv-308-BL-SMD |

**RECOMMENDATION OF THE MAGISTRATE JUDGE**

Pro se Plaintiff Douglas W. Gurney ("Gurney") filed this breach of contract action against Defendants State Farm Insurance Companies ("State Farm"),[1] State Farm Agent Lawrence Wayne Hooks ("Hooks"), and State Farm Claims Specialist Chris Robinson ("Robinson") in the Circuit Court of Montgomery County, Alabama. Compl. (Doc. 1-1) pp. 8-6. State Farm removed the case to this Court based on diversity jurisdiction, arguing that Gurney fraudulently joined Hooks and Robinson. Not. Rem. (Doc. 1). State Farm and Robinson then filed motions to dismiss the complaint for failure to state a claim, Mots. Dismiss (Docs. 5, 6), and Gurney filed a motion to remand, Mot. Remand (Doc. 18). For the following reasons, the undersigned recommends that (1) Gurney's motion to remand be denied; (2) State Farm's motion to dismiss (Doc. 4) be granted in part and denied in

[1] As explained later in this Recommendation, Gurney has incorrectly named State Farm Insurance Companies as a defendant. It appears that the proper legal entity subject to suit is State Farm Fire and Casualty. Not. Rem. (Doc. 1) p. 1. For purposes of this Recommendation, the undersigned generally refers to State Farm as the defendant and shall specifically identify State Farm Fire and Casualty by its full legal name when it is necessary to distinguish it from State Farm in general.

part; (3) Robinson's motion to dismiss (Doc. 5) be granted; (4) the claim against Hooks be dismissed by this Court *sua sponte*; and (5) Gurney be afforded an opportunity to file an amended complaint to name the correct legal entity that is a party to the insurance contract at issue.

## I. LEGAL STANDARDS

### A. Removal

Federal courts are courts of limited jurisdiction and only have the power to hear cases they have been authorized to hear by the Constitution or Congress. *See Kokkonen v. Guardian Life Ins. Co. of Am.*, 511 U.S. 375, 377 (1994). Relevant here, federal courts have original subject matter jurisdiction over cases in which the parties are completely diverse in citizenship and the amount in controversy exceeds $75,000. 28 U.S.C § 1332.

Any civil action filed in state court may be removed by the defendant to federal court if the federal court has original jurisdiction over the dispute. 28 U.S.C. § 1441(a); *see also Univ. of S. Ala. v. Am. Tobacco Co.*, 168 F.3d 405, 410 (11th Cir. 1999) ("[W]hen an action is removed from state court, the district court first must determine whether it has original jurisdiction over the plaintiff's claims."). A removing defendant bears the burden of proving that federal jurisdiction exists, *Williams v. Best Buy Co., Inc.*, 269 F.3d 1316, 1319 (11th Cir. 2001), and this burden is "heavy," *Stillwell v. Allstate Ins. Co.*, 663 F.3d 1329, 1332 (11th Cir. 2011). Because removal implicates federalism concerns, courts must construe removal narrowly, with all doubts resolved in favor of remand. *Am. Tobacco Co.*,

168 F.3d at 411; *Whitt v. Sherman Int'l Corp.*, 147 F.3d 1325, 1333 (11th Cir. 1998) (noting Eleventh Circuit preference for remand where federal jurisdiction not "absolutely clear").

**B. Federal Rule of Civil Procedure 12(b)(6)**

To survive a Rule 12(b)(6) motion to dismiss, a complaint must contain factual allegations sufficient "to raise a right to relief beyond the speculative level." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007). "Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements," are insufficient to state a claim. *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Twombly*, 550 U.S. at 555). To determine whether a plaintiff has stated a claim, the court should first "eliminate any allegations in the complaint that are merely legal conclusions" and then determine whether the well-pleaded factual allegations of the complaint—assuming their veracity—"plausibly give rise to an entitlement to relief." *Am. Dental Ass'n v. Cigna Corp.*, 605 F.3d 1283, 1290 (11th Cir. 2010). "The plausibility standard is met only where the facts alleged enable 'the court to draw the reasonable inference that the defendant is liable for the misconduct alleged.'" *Franklin v. Curry*, 738 F.3d 1246, 1251 (11th Cir. 2013) (quoting *Iqbal*, 556 U.S. at 678).

**C. Pro Se Litigants**

Federal courts must "show a leniency to pro se litigants not enjoyed by those with the benefit of a legal education." *GJR Invs., Inc. v. Cnty. of Escambia, Fla.*, 132 F.3d 1359, 1369 (11th Cir. 1998) (italics removed). A document filed pro se is "to be liberally construed," and a pro se complaint, "however inartfully pleaded, must be held to less

stringent standards than formal pleadings drafted by lawyers." *Erickson v. Pardus*, 551 U.S. 89, 94 (2007) (internal quotations omitted). Despite this leniency, a pro se plaintiff must still comply with the threshold requirements of the Federal Rules of Civil Procedure. *Beckwith v. Bellsouth Telecomms. Inc.*, 146 F. App'x 368, 371 (11th Cir. 2005). Importantly, a district court does not have license to rewrite a deficient pleading or serve as de facto counsel for a pro se litigant. *Alford v. Consol. Gov't of Columbus, Ga.*, 438 F. App'x 837, 839 (11th Cir. 2011).

## II. FACTUAL ALLEGATIONS & PROCEDURAL HISTORY

Gurney owned a home in Montgomery, Alabama, that was insured by State Farm Fire and Casualty under Policy No. 93-G636-297. Compl. (Doc. 1-1) p. 10. The property was undergoing renovations, and one of Gurney's contractors, Morris Benjamin Holley ("Holley"), was living there. *Id*. On January 23, 2011, the property was burglarized and vandalized. *Id*. Gurney reported the loss to police and submitted a claim under his policy. *Id*.

Gurney and others acting on his behalf repeatedly contacted State Farm about the claim over the next several years and were told that it remained open or pending. *Id*. at 11-14. In July 2020, Gurney and Holley went to State Farm Agent Hooks's office, where office staff again confirmed that the claim remained open. *Id*. at 12. An attorney later contacted State Farm about the claim, and on December 10, 2020, State Farm Claims Specialist Robinson responded that State Farm had no obligation to Gurney and treated the claim as

untimely. *Id*. Gurney alleges this was the first time State Farm informed him that it would not pay the claim. *Id*.

Gurney alleges that he complied with the requirements of the insurance policy but that State Farm failed to pay for the covered loss. *Id*. at 14. He further alleges that because the claim was not paid, he was unable to restore the property, causing additional losses. *Id*.

## III. ANALYSIS

### A. Motion to Remand

Gurney argues that this case should be remanded because complete diversity is absent, therefore depriving this Court of subject matter jurisdiction. Mot. (Doc. 18) p. 12. He also contends that State Farm's delay in removal violated the removal statute's requirement that removing defendants promptly give written notice to all adverse parties. *Id*. As explained below, remand is not warranted on either ground.

#### 1. Fraudulent Joinder

"Fraudulent joinder is a judicially created doctrine that provides an exception to the requirement of complete diversity." *Triggs v. John Crump Toyota*, 154 F.3d 1284, 1287 (11th Cir. 1998). A party removing a case based on fraudulent joinder bears the "heavy" burden of establishing fraudulent joinder by "clear and convincing evidence." *Henderson v. Washington Nat'l Ins. Co.*, 454 F.3d 1278, 1284 (11th Cir. 2006). This burden can be met by showing that (1) there is no possibility that the plaintiff could establish a cause of action against the resident defendant in state court; (2) the plaintiff fraudulently pleaded

jurisdictional facts; or (3) there is fraudulent *mis*joinder—i.e., where the misjoinder of parties is so "egregious" as to amount to fraudulent joinder. *See Triggs*, 154 F.3d at 1287.

Here, State Farm contends that removal is proper under the first method because Gurney cannot establish a breach of contract claim against Robinson and Hooks, who are non-parties to the underlying insurance contract. Not. Removal (Doc. 1). When their citizenship is disregarded, State Farm argues that the remaining parties are completely diverse and the amount in controversy exceeds $75,000, thereby affording this Court with diversity jurisdiction over the dispute. *Id*.

Gurney's sole cause of action is for breach of the insurance contract. Compl. (Doc. 1-1) pp. 14-15. Alabama contract law is clear: "claims for breach of contract and bad faith based on an insurance contract may only be brought against a party to that contract." *Butler v. Allstate Indem. Co*., 2010 WL 381164, at *3 (M.D. Ala. 2010). The contract in this case is between Gurney and State Farm Fire and Casualty. Robinson, as State Farm's Claim Specialist, and Hooks, as State Farm's Insurance Agent, are not parties to that contract. *See Bullock v. United Benefit Ins. Co*., 165 F. Supp. 2d 1255, 1257 (finding that insurance agent is not proper defendant for breach of contract claim by insured). As such, there is no possibility that Gurney can state a breach of contract claim against Robinson and Hooks, making them fraudulently joined defendants. *See Owens v. Life Ins. Co. of Ga*., 289 F. Supp. 2d 1319, 1324 (S.D. Ala. 2003) (holding that there is no possibility that a plaintiff can establish a breach of insurance contract claim against an insurance agent because he is not a party to the contract); *Ligon Furniture Co., Inc. v. O.M. Hughes Ins., Inc*., 551 So. 2d

283, 285 (Ala. 1989) (holding that the trial court properly entered summary judgment on a breach of insurance contract claim in favor of defendants who were not parties to the contract).

When the citizenships of Robinson and Hooks are disregarded for purposes of diversity jurisdiction, the remaining parties—Gurney and State Farm—are completely diverse. *See* Compl. (Doc. 1-1) p. 9 (alleging that Gurney is an Alabama citizen and that State Farm is a citizen of Illinois). Further, the amount in controversy exceeds $75,000. *Id.* at 16 (seeking compensatory damages of not less than $627,700.00). Therefore, this Court has diversity jurisdiction over Gurney's complaint. Accordingly, to the extent Gurney's motion to remand is based on this Court's purported lack of subject matter jurisdiction, the motion should be denied.

**2. Statutory Remand Requirements**

Separately, Gurney argues that this case should be remanded because State Farm failed to provide him with prompt notice of removal. Mot. (Doc. 18) pp. 8-9. The removal statute requires that "promptly after the filing" of a notice of removal in the appropriate federal court, the removing defendant must "give written notice thereof to all adverse parties" and file a copy of the notice of removal with the clerk of the state court. 28 U.S.C. § 1446(d). Here, on April 30, 2026, State Farm filed its Notice of Removal in this Court, served the notice on Gurney by first-class mail to Gurney's address of record and by email to the email address provided, and filed notice of the removal with the state court. Resp. (Doc. 14) ¶¶ 3, 6; Email (Doc. 14-1) p. 2; State Court Not. (Doc. 1-2). On July 2, 2026,

Gurney filed a Motion for Service in this Court, claiming he had not received notice of removal via the April 30 mailing. Mot. (Doc. 11). State Farm and Robinson responded, explaining that service had been completed by mail and e-mail on April 30 but nonetheless re-served the same filings on Gurney that day via certified mail and email. Resp. (Doc. 14).

Gurney's motion to remand for failure to provide prompt notice under 28 U.S.C. § 1446(d) should be denied. Here, State Farm satisfied every element of § 1446(d) on the same day it filed its Notice of Removal—April 30, 2026—by serving Gurney via first-class mail and email and by filing notice with the state court clerk. Resp. (Doc. 14) ¶¶ 3, 6; Email (Doc. 14-1) p. 2; State Court Not. (Doc. 1-2). State Farm's same-day compliance forecloses any argument that notice was untimely. Further, Gurney's purported failure to receive the written notice is irrelevant because § 1446(d) does not condition the validity of removal on the adverse party's actual receipt of notice. In any event, any issue with Gurney's receipt of the notice was cured when State Farm and Robinson promptly re-served Gurney with the same filings by certified mail and email upon learning of the claimed non-receipt. *See* Resp. (Doc. 14). Accordingly, because State Farm and Robinson promptly met § 1446(d)'s notice requirement, remand is not warranted.

**3. Conclusion**

This Court has diversity jurisdiction over Gurney's breach of contract claim when the citizenships of Robinson and Hooks—both fraudulently joined defendants—are disregarded. Further, State Farm complied with the notice requirements of § 1446(d) in a prompt manner. As such, Gurney's motion to remand should be denied.

**B. Motions to Dismiss**

State Farm and Robinson move to dismiss Gurney's complaint. Mots. (Docs. 5, 6). Gurney was afforded an opportunity to oppose the motions but did not file a response. The undersigned will address each motion, in turn.

**1. State Farm's Motion to Dismiss**

State Farm moves to dismiss Gurney's complaint, arguing that Gurney's insurance policy was not issued by the named Defendant—State Farm Insurance Companies—and was instead issued by State Farm Fire and Casualty Company. Mot. (Doc. 5) p. 3. State Farm also contends that Gurney's breach of contract claim is barred by the statute of limitations. *Id*. at 3-4. As explained below, State Farm's motion should be granted in part and denied in part.

To begin, the insurance contract in dispute is between Gurney and State Farm Fire and Casualty Company. Policy (Doc. 5-1).[2] It is not between Gurney and the incorrectly named Defendant "State Farm Insurance Companies." Therefore, as explained in section III.A.1, Gurney cannot state a claim against State Farm Insurance Companies for breach of

[2] The Court may properly consider the policy attached to State Farm's motion without converting the motion into one for summary judgment. Although a court's review at the motion to dismiss stage is generally limited to the four corners of the complaint, a document need not be physically attached to the complaint to be considered if it is central to the plaintiff's claim and its authenticity is not disputed. *Day v. Taylor*, 400 F.3d 1272, 1276 (11th Cir. 2005); *see also SFM Holdings, Ltd. v. Banc of Am. Sec., LLC*, 600 F.3d 1334, 1337 (11th Cir. 2010). Here, the policy is central to Gurney's breach of contract claim and Gurney has not disputed the policy's authenticity. Accordingly, the Court considers the policy in resolving State Farm's motion.

the insurance contract because it is not a party to the contract. Accordingly, the claim should be dismissed.

Gurney's breach of contract claim against State Farm should not, however, be dismissed as time barred at this stage in the litigation. Under Alabama law, a breach of contract claim is subject to a six-year statute of limitations. Ala. Code § 6-2-34(9) (1975). The limitations period begins to run when the contract is breached. *Advance Trust & Life Escrow Servs., LTA v. Protective Life Ins. Co.*, 2019 WL 4572809, at *3 (N.D. Ala. Sept. 20, 2019). Breach of an insurance contract accrues on the date the insurer denies payment. *See Hackleburg Church of Christ v. Great Am. Ins. Cos., Inc.*, 675 So. 2d 1309, 1311 (Ala. Civ. App. 1995) ("The alleged breach [of contract] in this action did not occur until [the defendant] refused to pay for the damages sustained by the [plaintiff].").

Here, Gurney explicitly alleges that December 10, 2020, was the first date on which he was notified that his claim was denied. Compl. (Doc. 1-1) p. 12. Construing this allegation in Gurney's favor, his breach of contract claim accrued on that date causing the six-year statute of limitations to expire on December 10, 2026. State Farm, on the other hand, argues that the claim accrued in November 2012 when Gurney and Holley—the individual residing at the residence when the vandalism occurred—contacted State Farm about the claim and were advised that Gurney would need to submit an authorization for State Farm to discuss the matter with Holley. Mot. (Doc. 5) p. 2. State Farm contends that Gurney never submitted the form and never contacted State Farm again regarding the

claim. *Id*. Thus, State Farm argues that the six-year statute of limitations ran no later than November 2018. *Id*. at 2-3.

Critically, the facts alleged by State Farm do not appear in Gurney's complaint. At the motion to dismiss stage, the Court must construe all well-pleaded factual allegations in Gurney's favor and cannot consider State Farm's additional factual assertions. Construing the well-pleaded facts in Gurney's favor, the latest date on which the claim accrued was December 10, 2020, when Gurney alleges State Farm informed him that his claim was denied. Compl. (Doc. 1-1) p. 12. This places Gurney's complaint—which was filed on March 26, 2026—well within the six year statute of limitations period. As such, State Farm's motion to dismiss based on the complaint's timeliness should be denied.

In conclusion, State Farm's motion to dismiss should be granted in part and denied in part. To the extent the motion seeks dismissal of the breach of contract claim against State Farm Insurance Companies as an incorrectly named defendant, the motion should be granted. To the extent the motion seeks dismissal of the breach of contract claim as time-barred, the motion should be denied.

**2. Robinson's Motion to Dismiss**

Robinson moves to dismiss Gurney's complaint against him because he, too, is not a party to the contract. Mot. (Doc. 6) p. 3. Gurney does not allege that Robinson is a party to the contract and the policy itself clearly shows he is not. Therefore, because Alabama law is clear that a breach of contract claim is not sustainable against a non-party, Gurney

cannot state a claim against Robinson. Accordingly, his motion to dismiss should be granted.[3]

## IV. OPPORTUNITY TO AMEND

Generally, a pro se plaintiff must be afforded at least one opportunity to amend his complaint if (1) the plaintiff does not clearly indicate a lack of desire to amend and (2) a more carefully drafted amended complaint might, with more specific allegations against the proper defendant, state a claim upon which relief could be granted. *Woldeab v. Dekalb Cnty. Bd. of Educ.*, 885 F.3d 1289, 1291 (11th Cir. 2018).

Here, Gurney should be afforded the opportunity to file an amended complaint against State Farm Fire and Casualty Insurance. State Farm moved to dismiss Gurney's complaint because he did not name the correct legal entity. This error may be corrected through the filing of an amended complaint and the naming of a proper party defendant. Additionally, State Farm moved to dismiss Gurney's complaint because the breach of contract claim was purportedly time barred. But as explained above, the undersigned

[3] Although Hooks has not been served or filed his own motion to dismiss, the undersigned also recommends that the breach of contract claim against him be dismissed for the same reason—i.e., that Hooks is not a party to the contract at issue. *Sua sponte* dismissal of a non-appearing defendant is generally disfavored where the plaintiff has not been given notice of the court's intent to dismiss or an opportunity to respond. *See Tazoe v. Airbus S.A.S.*, 631 F.3d 1321, 1336 (11th Cir. 2011) (holding that a district court abuses its discretion when it *sua sponte* dismisses a complaint "without affording the plaintiff either notice or an opportunity to be heard," particularly where the defendant has not yet been served and has made no appearance). That concern is not present here. Gurney has already had a full and fair opportunity to brief the controlling legal question—whether a State Farm claims specialist or agent may be held liable for breach of an insurance contract to which he is not a party—in response to Robinson's motion to dismiss, which turns on identical reasoning. Gurney's opposition does not and cannot change the clear rule that "claims for breach of contract and bad faith based on an insurance contract may only be brought against a party to that contract," *Butler*, 2010 WL 381164, at *3. Therefore, Gurney has received the process *Tazoe* requires and this Court may *sua sponte* dismiss Hooks as a non-party to the insurance contract.

cannot find, at this time, that the breach of contract claim is barred by the statute of limitations and therefore does not find amendment futile on that basis. Accordingly, Gurney should be afforded an opportunity to amend his breach of contract claim against the proper State Farm legal entity. He should not, however, be afforded an opportunity to amend his breach of contract claims against Robinson and Hooks because they are not parties to the breach of contract claim, making amendment futile.

## V. CONCLUSION

For the foregoing reasons, it is the

RECOMMENDATION of the undersigned Chief United States Magistrate Judge that Gurney's Motion to Remand (Doc. 18) be DENIED; that State Farm's Motion to Dismiss (Doc. 5) be GRANTED in part and DENIED in part; that Robinson's Motion to Dismiss (Doc. 6) be GRANTED; and that the Court *sua sponte* dismiss the claims against Hooks. The undersigned further

RECOMMENDS that Gurney be afforded an opportunity to file an amended complaint that names the correct defendant on his breach of insurance contract claim. Additionally, it is

ORDERED that Gurney's Motion to Strike (Doc. 18) State Farm's notice of removal is DENIED as procedurally improper.[4] Finally, it is

[4] In his motion to remand, Gurney alternatively asks the Court to "strike" the notice of removal. Mot. (Doc. 18) pp. 3, 9. Such a request has no procedural basis. Federal Rule of Civil Procedure 12(f) permits a court to strike only material contained in a pleading, which is defined by Rule 7(a) as a complaint, answer, or a small number of explicitly listed filings that does not include a notice of removal. As such, Gurney's request to strike the notice of removal is procedurally improper and is therefore denied.

ORDERED that the parties shall file any objections to this Recommendation **on or before September 16, 2026**. A party must specifically identify the factual findings and legal conclusions in the Recommendation to which objection is made; frivolous, conclusive, or general objections will not be considered. Failure to file written objections to the Magistrate Judge's findings and recommendations in accordance with the provisions of 28 U.S.C. § 636(b)(1) shall bar a party from a de novo determination by the District Court of legal and factual issues covered in the Recommendation and waives the right of the party to challenge on appeal the district court's order based on unobjected-to factual and legal conclusions accepted or adopted by the District Court except upon grounds of plain error or manifest injustice. *Nettles v. Wainwright*, 677 F.2d 404 (5th Cir. 1982); 11TH CIR. R. 3-1. *See Stein v. Lanning Securities, Inc.*, 667 F.2d 33 (11th Cir. 1982). *See also Bonner v. City of Prichard*, 661 F.2d 1206 (11th Cir. 1981) (en banc).

DONE this 2nd day of September, 2026.

Stephen M. Doyle
CHIEF U.S. MAGISTRATE JUDGE